IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:22-CR-339 (RM)

**UNITED STATES OF AMERICA**

v.

**AMEEN ALAI,**

    **Defendant.**

---

**AMEEN ALAI'S UNOPPOSED MOTION TO EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE RELATED DEADLINES**

---

Mr. Alai, through undersigned counsel, respectfully moves this Court for an Order excluding one hundred and twenty (120) days from the speedy trial time limitations and vacating the pending motions deadline (February 1, 2023), Trial Preparation Conference (March 10, 2023), and the jury trial (March 20, 2023). The government does not oppose the present Motion.

**I.     RELEVANT BACKGROUND**

Mr. Alai is charged with violating 21 U.S.C. § 841(a)(1) in connection with § (b)(1)(C). Docket Entry Number ("DE") 1. The charged count carries a statutory minimum sentence of twenty years and a maximum sentence of life. An arrest warrant was issued on November 15, 2022. DE 3. He was arrested on January 12, 2023. DE 4. Mr. Alai's initial appearance was held the same day, DE 5, and his Arraignment, Discovery, Detention hearings were held on January 19, 2023. DE 10. Mr. Alai was released on bond. *Id.*; DE 13; DE 14.

On January 19, 2023, the Court set trial dates and deadlines. DE 15. The trial is scheduled to begin on March 20, 2023. Pretrial motions are required to be filed by

February 1, 2023. *Id.* Responses to those motions are due February 8, 2023. The Court scheduled a pretrial conference to begin on March 10, 2023.

On January 17, 2023, the government provided discovery. That discovery consisted of 800 plus pages of reports and multiple media files. The undersigned has reviewed the discovery provided by the government. Mr. Alai is alleged to have distributed Ibogaine, and that distribution resulted in death. The undersigned has already requested additional discovery related to the investigation referenced in the discovery, but it has not been provided. Further, the undersigned anticipates there will be several discovery requests as the case progresses.

Based on the discovery materials, the charge, and the undersigned's experience in defending criminal cases, he has identified five tasks that will be necessary to complete to effectively represent Mr. Alai.

First, the undersigned must thoroughly discuss the case with Mr. Alai. That includes fully explaining what Mr. Alai has been charged with, what the government must prove to obtain a conviction, and the information contained in the discovery consists of. The undersigned must also calculate the sentencing guideline range applicable to Mr. Alai if he were convicted and thoroughly explain that process to Mr. Alai.

Second, the undersigned must thoroughly investigate the alleged offense. That includes identifying, and interviewing witnesses related to the charged offense. Importantly, to the best of the undersigned's knowledge, Mr. Alai's case is the first of its kind the government has ever prosecuted. Indeed, only 19 deaths related to Ibogaine have been reported. The undersigned expects to retain both a toxicologist and coroner to review the material provide and aid in Mr. Alai's defense.

Third, the undersigned must research potential pretrial motions and possible defenses to the charge. Based on the status of the undersigned's investigation in the charges against Mr. Alai, those potential motions have not been identified.

Fourth, the undersigned must consult with Mr. Alai and assist him in determining whether he wants to have a jury trial or plead guilty to the charged offense. This will include a thorough review of the evidence with him. Should Mr. Alai decide to go to trial, the undersigned must prepare for trial. Preparation for trial is a massive undertaking, requiring the preparation of legal arguments, examinations, and jury instructions, and the coordination of witnesses and exhibits.

Fifth, if Mr. Alai decides he does not want to go to trial, the undersigned must attempt to negotiate a favorable outcome with the government, which includes a negotiation of the facts, law, and sentencing guidelines.

This case involves a serious felony offense – one that carries a mandatory minimum of 20 years and a maximum of life.

Undersigned counsel contacted the government about the present motion. The government has no objection to the extension requested herein. Undersigned counsel also communicated with Mr. Alai. He has been advised of the present motion and has no objection to the requested extension.

## II.     STANDARD FOR CONTINUANCES

Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in

a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

> Pertinent factors that apply to an "ends of justice" finding include:
>
> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

See 18 U.S.C. §3161(h)(7)(B). See also, United States v. Toombs, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

In addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. See United States v. West, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. See id. No single factor is determinative. See id.

The decision to grant an "ends of justice" continuance is within the sound discretion of the Court and is reviewed under an abuse of discretion standard. See Toombs, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a

continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

### III.     THE COURT SHOULD GRANT THE RELIEF REQUESTED HEREIN

This case meets the criteria in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests this Court continue the trial, vacate deadlines, and exclude 120 days from the speedy trial calculations.

While the discovery is not extensive, the Court should determine that the ends of justice will be served by the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv).

Undersigned counsel requires 120 days to: thoroughly discuss the case with Mr. Alai (as enumerated above), thoroughly investigate the alleged offense (as enumerated above), research the appropriate legal issues (including, but not limited to, the pretrial motion issues enumerated above), and prepare pretrial motions, and prepare for trial and/or negotiate a favorable disposition with the government on his behalf. Neither the government nor Mr. Alai have any objection to the requested continuance. Failing to grant the requested continuance in the present case would cause a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective

preparation under 18 U.S.C. §3161(h)(7)(B)(i) and (iv). Finally, a continuance for 120 days would not offend the standard set forth by the Tenth Circuit in *West*.

Undersigned counsel has, and will continue to, diligently pursue the defense. However, the nature and facts are such that no amount of diligent work can ensure effective assistance of counsel before the motions deadline nor before the trial date as contemplated by the current speedy trial time-frame. Undersigned counsel has been appointed to represent Mr. Alai for approximately three weeks and only received the discovery approximately three weeks ago – more time is essential to ensure that Mr. Alai receives effective representation in a case of this magnitude.

Undersigned counsel believes that the extension would serve the requested purpose and allow for meeting with Mr. Alai to complete discovery and case review, research relevant issue, the preparation of motions, prepare for trial, if necessary, and negotiate a potential resolution with the government. If the Court grants the present request for additional time under the Speedy Trial Act, it will be the first continuance granted.

## IV.     CONCLUSION

Wherefore, Mr. Alai respectfully requests this Court for an Order excluding 120 days from the speedy trial time limitations, vacating the deadlines and the trial date, and setting a new trial date in late June/early July 2023.

[*Signature page follows.*]

Respectfully submitted, this 31st day of January, 2023.

                        VIRGINIA L. GRADY
                        Federal Public Defender

                        /s/ *Jared Scott Westbroek*
                        JARED SCOTT WESTBROEK
                        Assistant Federal Public Defender
                        633 17th Street, Suite 1000
                        Denver, CO  80202
                        Telephone: (303) 294-7002
                        FAX: (303) 294-1192
                        Email:  jared_westbroek@fd.org
                        Attorney for Mr. Alai

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2023, I electronically filed the foregoing **AMEEN ALAI'S UNOPPOSED MOTION TO EXCLUDE 120 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE RELATED DEADLINES**
with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Cyrus Y. Chung, AUSA
Email: cyrus.chung@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Ameen Alai (Via U.S. Mail)

/s/ *Jared Scott Westbroek*
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email:  jared_westbroek@fd.org
Attorney for Mr. Alai