IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00339-RM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. AMEEN ALAI, a/k/a "Adam Powars,"

 Defendant.

___

**UNITED STATES' MOTION FOR A PROTECTIVE ORDER**
___

 The United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Cyrus Y. Chung, respectfully moves this Court for the entry of a protective order regarding the cell phone extractions of the victim and the victim's son in the above-captioned case.

 The defendant is alleged to have administered ibogaine to the victim in this case resulting in the death of the victim on or about March 19, 2021. On or about January 13, 2022, the victim's widow provided consent to have the victim's cell phone downloaded by the Drug Enforcement Administration. INV_62. A DEA Task Force Officer conducted a review of that phone, finding it to have very little communication between the victim and the defendant, as it appeared that the victim's son did most of the communicating with the defendant. INV_539. A picture of the victim's family with the defendant on the date of the victim's death was on the phone, but nothing else

relevant was located on the telephone.  *Id.*  On or about February 18, 2022, the victim's son provided consent to have his cell phone downloaded to capture relevant data and communications between the son and the defendant.  INV_72.  Several text conversations showed the victim's son contacting the defendant, and the defendant reaching out to the victim's son following the death of the victim.  INV_73.

On January 27 and 30, 2023, the defendant requested access to the entire contents of both cell phones.  Together, the cell phone downloads comprise hundreds of gigabytes of information, the vast majority of which has nothing to do with this case.  Nevertheless, out of an abundance of caution, the government intended to provide the downloads to the defendant, asking the defendant to agree to use the cell-phone downloads solely for the defense of the case and not to disseminate them further.  Counsel responded that although his office would abide by such an agreement, and that he would instruct the defendant to do the same, he could not control the defendant's ultimate conduct and felt that there was an ethical obligation to turn over the downloads in their entirety to the defendant.

The government therefore seeks this protective order to ensure that the cell-phone downloads are used only for proper purposes.  Fed. R. Crim. P. 16(d)(1) gives the Court broad authorization to issue an appropriate Protective Order governing discovery: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Here, "[t]he Crime Victims' Rights Act provides the victims of alleged crimes with a right to 'be treated with fairness and with respect for [their] dignity and privacy,'" *United States v. Brown*, No. 3:22-cr-33-BJB, 2022 WL 9936378, at *2 (W.D. Ky. Oct. 17, 2022) (quoting 18 U.S.C. § 3771(a)), and

"[c]ourts around the country have relied on the CVRA to find good cause for entry of protective orders." *United States v. Torres*, No. 20-cr-00418, 2020 WL 4500046, at *4 (D.N.J. Aug. 5, 2020) (collecting cases).  In particular, "'[u]nfettered release' of the [victim's and victim's son's] phone 'would raise significant privacy concerns.'" *Brown*, 2022 WL 9936378, at *4 (quoting *United States v. Dixon*, 355 F. Supp. 3d 1, 5 (D.D.C. 2019)), and, because "nothing suggests that the public's interest in the private contents of the . . . phone (as distinguished from the interest in transparency surrounding court records or proceedings that may *concern* the . . . phone) outweighs the competing privacy interests at stake[,] . . . good cause supports protecting the contents of the . . . phone." *Id.*  So it is here: given that the vast majority of the contents of the phones are irrelevant, and that the relevant portions are already highlighted in DEA reports, unfettered release would serve only to infringe upon the victim's and victim's son's privacy interests.

    The requested restrictions are narrowly tailored to the interests at issue and will allow the government to comply with its discovery obligations and this Court's orders while still protecting the privacy interests of the victim and the victim's family.

    The United States therefore requests an order be issued with the following terms and conditions:

    (1)  The defendant and defense team—including defense investigators and legal support staff—shall keep the cell phone downloads of the victim and the victim's son, and any notes or other materials prepared based upon or referring to information in these materials in confidence and shall use them exclusively in connection with this

case (including trial preparation, trial, and appeals or other related legal proceedings) and for no other purpose.

(2)  The discovery involving the contents of the victim's and victim's son's phone may be viewed only by defense counsel, the defendant, and members of the defense team, including any defense investigators and staff, as necessary for the purposes of preparing a defense in this particular case.  Defense counsel shall ensure that members of the defense team will read the protective order and are informed of their responsibility to safeguard this information.

(3)  Defense counsel and/or his staff shall make copies of discovery involving the contents of the victim's phone and of the victim's son's phone, and any notes or other materials prepared based upon or referring to information in these materials only as necessary to prepare a defense in this case.  The defendant shall not make copies of such discovery.

(4) The defendant, defense counsel and/or his staff shall not disseminate copies of the discovery involving the contents of the victim's phone, the victim's son's phone, or any portion thereof, beyond the defense team and the defendant himself.

(5)  A copy of the Court's Protective Order shall be kept with the records to which it pertains at all times.

A draft protective order is attached to this response.

On February 21, 2023, the undersigned sent a copy of this motion and proposed order to counsel for the defendant. Counsel responded, indicating that he had no objection to the motion.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: _s/Cyrus Y. Chung_
Cyrus Y. Chung
Assistant U.S. Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0405
E-mail: cyrus.chung@usdoj.gov
Attorney for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2023, I electronically filed the foregoing **UNITED STATES' MOTION FOR A PROTECTIVE ORDER** with the Clerk of Court using the ECF system which will send notification of such filing to all email addresses of record.

By: *s/Stephanie Graham*
Stephanie Graham
Legal Assistant
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100