IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Hon. Raymond Moore

Criminal Case No. 22-cr-00339-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  AMEEN ALAI, a/k/a "Adam Powars,"

    Defendant.

**PROTECTIVE ORDER REGARDING THE USE, CUSTODY, AND CIRCULATION OF CELL-PHONE DISCOVERY**

THE COURT has received, read, and reviewed the United States' Motion for a Protective Order [CM/ECF Document 21] filed February 22, 2023, which includes a request for a Protective Order concerning the use, custody, and circulation of cell-phone materials from the victim and the victim's son in the above-captioned case.

Fed. R. Crim. P. 16(d)(1) gives the Court broad authorization to issue an appropriate Protective Order governing discovery: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Here, "[t]he Crime Victims' Rights Act provides the victims of alleged crimes with a right to 'be treated with fairness and with respect for [their] dignity and privacy,'" *United States v. Brown*, No. 3:22-cr-33-BJB, 2022 WL 9936378, at *2 (W.D. Ky. Oct. 17, 2022) (quoting 18 U.S.C. § 3771(a)), and "[c]ourts around the country have relied on the

CVRA to find good cause for entry of protective orders." *United States v. Torres*, No. 20-cr-00418, 2020 WL 4500046, at *4 (D.N.J. Aug. 5, 2020) (collecting cases). In particular, "'[u]nfettered release' of the [victim's and victim's son's] phone 'would raise significant privacy concerns.'" *Brown*, 2022 WL 9936378, at *4 (quoting *United States v. Dixon*, 355 F. Supp. 3d 1, 5 (D.D.C. 2019)).

Accordingly, the Court finds and concludes that protecting the victim's and victim's family's privacy comprises good cause for the entry of a protective order, that the burden on all parties in controlling the dissemination of such material disclosed to the defense directed below is not unreasonably burdensome, and that the procedures outlined herein will adequately safeguard the concerned parties' safety interests.

Being now sufficiently advised in the premises, the Court finds and concludes that it is in the best interests of justice to grant the government's request for a Protective Order.

THEREFORE, IT IS ORDERED as follows:

The defendant and defense team—including defense investigators and legal support staff—shall keep the cell phone downloads of the victim and the victim's son, and any notes or other materials prepared based upon or referring to information in these materials in confidence and shall use them exclusively in connection with this case (including trial preparation, trial, and appeals or other related legal proceedings) and for no other purpose.

The discovery involving the contents of the victim's and victim's son's phone may be viewed only by defense counsel, the defendant, and members of the defense team,

including any defense investigators and staff, as necessary for the purposes of preparing a defense in this particular case. Defense counsel shall ensure that members of the defense team will read the protective order and are informed of their responsibility to safeguard this information.

Defense counsel and/or his staff shall make copies of discovery involving the contents of the victim's phone and of the victim's son's phone, and any notes or other materials prepared based upon or referring to information in these materials only as necessary to prepare a defense in this case. The defendant shall not make copies of such discovery.

The defendant, defense counsel and/or his staff shall not disseminate copies of the discovery involving the contents of the victim's phone, the victim's son's phone, or any portion thereof, beyond the defense team and the defendant himself.

A copy of the Court's Protective Order shall be kept with the records to which it pertains at all times.

DATED this _____ day of February, 2023.

BY THE COURT:

_____
THE HON. RAYMOND MOORE
United States District Judge